**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALVIN T. MCCULLOUGH                                                                    PETITIONER
ADC #131910

v.                                    Case No. 5:15-cv-00162 JM-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                               RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United

      States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Alvin McCullough. (Doc. No. 2) After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be dismissed.

## Background

On February 6, 2008, a Washington County, Arkansas jury found Petitioner guilty of kidnaping, residential burglary, and rape. Petitioner received a habitual offender sentence and is serving life imprisonment without parole in the Arkansas Department of Correction (ADC). On direct appeal of his conviction, Petitioner's only argument was whether the circuit court erred by allowing the admission of evidence of his prior bad acts under Arkansas Rules of Evidence 404(b) and 403. On March 12, 2009, the Arkansas Supreme Court affirmed Petitioner's conviction on state evidentiary grounds. *McCullough v. State*, 2009 Ark. 134, 298 S.W.3d 452 (2009).

On November 8, 2010, Petitioner filed a state habeas petition in Lincoln County Circuit Court. In it, he asserted that (1) the trial court erred by allowing evidence of other crimes in violation of Arkansas Rules of Evidence 404(b), and (2) trial counsel was ineffective for (a) never discussing any possible defenses, (b) not challenging the sufficiency of the evidence, and (c) not conducting a prompt investigation of the circumstances of the case and causing a conflict of interest. (Doc. No. 10-7) The Lincoln County Circuit Court denied the habeas petition on February 17, 2011. (Doc. No. 10-9) Petitioner filed his federal habeas petition on May 20, 2015.

## Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 based upon numerous grounds, including: 1) the state failed to prove the elements of rape, (2) the state failed to prove the elements of kidnaping, (3) the state failed to prove the elements of residential burglary, (4) ineffective assistance of trial counsel for failure to request a severance of the burglary charges, (5) ineffective assistance of trial counsel for refusal to present evidence of third party culpability, (6) the trial court erred by admitting evidence of other bad acts, (7) the committing court lacked jurisdiction, (8) the trial court failed to prove all elements of rape, (8) ineffective assistance of trial counsel for encouraging him not to testify, (9) due process rights violated due to the suggestive identification procedures, (10) denied Sixth Amendment right to effective trial counsel, (11) denied Fourteenth Amendment right to effective appellate counsel, (12) the trial court refused to instruct the jury on lesser-included offenses, (13) his sentence violates Eighth Amendment right against cruel and unusual punishment, (14) ineffective trial counsel for advising defendant to admit having sex with the victim, (15) his conviction resulted

3

from racial discrimination by an all-white jury in the prosecution of a black male for the rape of a white female, and (16) cumulative error. Petitioner's claims fail because they are not cognizable in federal habeas, are time barred, procedurally defaulted, and without merit.

First, many of Petitioner's claims (admission of other crimes, sufficiency of the charging instrument, jurisdiction of the state court to enter the judgment) are based on state law and do not present cognizable issues for federal habeas review.

Second, Petitioner's claims are time barred. Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arkansas Supreme Court issued its opinion affirming Petitioner's conviction on March 12, 2009. The conviction became final ninety days thereafter, on June 10, 2009, when the time expired for him to seek a writ of certiorari in the United States Supreme Court. *See Smith v. Bowersox*, 159 F.3d 345, 347-48 (8th Cir. 1998). The time for seeking federal relief expired one year later on June 10, 2010. Petitioner's state habeas petition did not toll the statute of limitations because the time for filing the federal habeas petition had already expired by the time the state habeas petition was filed on November 8, 2010. 28 U.S.C. § 2244(d)(2).

Third, Petitioner's claims are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural

default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner did not present his federal constitutional claims at trial or on direct appeal. Reading the petition liberally, Petitioner asserts ineffective assistance of his appellate counsel and cites to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to excuse the procedural default of his federal constitutional claims. *Martinez* "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 132 S. Ct. at 1320. *Martinez* does not apply in this case because Petitioner did not file a Rule 37 petition.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED. All pending motions are denied as moot.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 25th day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE